IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LAFITTE,<br>    Petitioner,<br>vs.<br>EVELIO GRILLO, Judge,<br>    Respondent. | No. C 12-1422 CRB (PR)<br><br>ORDER OF DISMISSAL |

    Jeremy Lafitte has filed a pro se petition for a writ of habeas corpus alleging that his liberty "has and is now being restrained" by Alameda County Superior Court Judge Evelio Grillo's "slandering the commercial interests of Petitioner by moving Petitioner's [State] Application for Declaratory Relief [against Wells Fargo Bank] to an unlimited civil case."  The petition for a writ of habeas corpus must be DISMISSED for lack of "in custody" jurisdiction.

    The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  This requirement is jurisdictional.  See id.

    Although the in custody requirement may be satisfied by restraints other than incarceration, a petitioner must demonstrate that he is subject to a significant restraint upon his physical liberty "not shared by the public generally."  Jones v. Cunningham, 371 U.S. 236, 239-40 (1963).  Here, the alleged restriction on

petitioner's liberty – an unlawful transfer of his state petition for declaratory relief against Wells Fargo Bank – is not the sort of significant restriction on his <u>physical liberty</u> necessary to render him "in custody" for purposes of the federal habeas statutes.  <u>See, e.g.</u>, <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183-85 (9th Cir. 1998) (sex offender registration statute does not place petitioner in custody because it does not place "a significant restraint . . . on physical liberty" by restricting the registrant's freedom to move about); <u>Dremann v. Francis</u>, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay). The court is without subject matter jurisdiction to entertain the instant petition for a writ of habeas corpus under the federal habeas statutes.

      The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: April 4, 2012

CHARLES R. BREYER
United States District Judge

N:\12-1422.crborder.wpd

2